**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4968

CHARLES THOMAS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-97-281)

Submitted: August 13, 1998

Decided: September 8, 1998

Before HAMILTON, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Peter L. Goldman, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Damon J. Savoy, Special Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles Thomas appeals from his convictions by a jury of possession of marijuana, 21 U.S.C.A. § 844 (West 1994 & Supp. 1998) and being a prisoner in possession of marijuana, in violation of 18 U.S.C. § 13 (1994), assimilating Va. Code Ann. § 53.1-203(6) (Michie 1994). Thomas claims that the evidence was insufficient to support his convictions. For the reasons that follow, we affirm.

Thomas is an inmate at the Lorton Correctional Facility where he is incarcerated for attempted rape and burglary. In February 1997, correctional officers conducted a strip search of Thomas as he entered the Adjustment Unit at Lorton and found, concealed in his mouth, eleven plastic bags of marijuana weighing a total of two grams. Thomas was charged with possession with intent to distribute marijuana and being a prisoner in possession of marijuana. He was convicted on the first count of the lesser-included offense of simple possession, and he was also convicted on the second count. Thomas received a nine-month prison sentence on each count, to run concurrently, to be served consecutively to the sentence he is currently serving.

Thomas testified that he was subjected to a pat-down search upon his initial entry into the Adjustment Unit and that, had he been concealing marijuana, it would have been discovered at that time. Thomas also relies on the testimony of another inmate who stated that he witnessed both the pat-down and the strip search of Thomas and that no illegal substances were found at either time.

A conviction must be affirmed if there is substantial evidence, viewed in the light most favorable to the government, to support a finding of guilt. See Glasser v. United States, 315 U.S. 60, 80 (1942). Circumstantial and direct evidence are both considered, and the government is given the benefit of all reasonable inferences from the facts proven to the facts sought to be established. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Viewing the evidence in the light most favorable to the government, we find sufficient evidence to support Thomas' convictions. The jury necessarily

2

found the testimony of the correctional officers more credible than either Thomas' or the other inmate's. We do not review witness credibility. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

Accordingly, we affirm Thomas' convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3